DONALD A. McLEAN v. GEORGE HUGHES and Others.[1]

July 26, 1907.

Nos. 15,269—(197).

**Res Judicata—Subrogation.**

    A. executed a deed to B., and placed it in escrow with C., with instructions to deliver it to B., after the death of A., upon the payment by B. of $1,000 to D. After the death of A., C. refused to deliver the deed, and D. obtained a judgment against him for the $1,000. This judgment C. paid, and then tendered the deed to B., and demanded payment therefor of the amount of the judgment which he had paid. Upon this being refused, C. brought an action against B. and D. and the heirs of A., demanding a judgment against B. and that he be subrogated to the rights of D. and the heirs in the real estate. *Held* that, the question of the liability of C. having been determined in the former action, the question of his good faith in refusing to obey his instructions is immaterial in this action; that no right of action existed against B.; and that there are no equities which entitled C. to be subrogated to the rights of D. and the heirs.

Action in the district court for Rice county for conversion. The case was tried before Buckham, J., who made findings and ordered that the case be dismissed on the merits. From an order denying a motion for a new trial plaintiff appealed. Affirmed.

*Anson L. Keyes,* for appellant.

*Thos. H. Quinn,* for respondents.

ELLIOTT, J.

Some time prior to his death, in August, 1901, Harvey Y. Scott entered into an oral agreement with one Mrs. Millis to deed to her certain real estate in consideration of services to be by her rendered. Shortly after the making of this agreement George Hughes desired to purchase the real estate and offered to pay therefor the sum of $1,000. It being more desirable that Millis have the cash than the real estate, Scott and Hughes, with the consent of Millis, agreed that a deed of the premises should be made by Scott, with Hughes as.

[1] Reported in 112 N. W. 1013.

grantee therein, and that it should be delivered in escrow, to remain until the death of Scott, when it should be delivered to Hughes, and he pay Millis the agreed price of $1,000. In pursuance of this agreement, on May 14, 1901, a warranty deed of the premises in question, in the usual form, was executed by Scott and delivered to Donald A. McLean, the appellant herein, with instructions to hold it until the death of Scott and then deliver it to Hughes, and to cause the consideration, the sum of $1,000, to be paid to Millis. This McLean agreed to do. Hughes knew, before the death of Scott, of the deed to McLean and the purposes for which it was delivered; but he was not a party to the delivery, and was not consulted as to the person with whom the deed should be left. After the death of Scott, McLean, acting under the advice of counsel, as found by the court in this action, "refused to take any steps toward causing said Hughes to pay said Millis the aforesaid sum of $1,000, or to offer said deed to said Hughes on condition that he make payment as agreed, or to allow said Millis to offer said deed to said Hughes on like condition, though requested so to do." On the envelope in which the deed was inclosed when delivered to McLean there was indorsed, over the signature of Scott, this direction: "This deed is to be delivered to George Hughes at my death, if he shall furnish proof that he has paid Lois Millis, or her order, one thousand dollars ($1,000), or, in case of her death, to her heirs."

McLean did not deliver the deed to Hughes, and in July, 1905, Mrs. Millis brought an action against McLean, and recovered judgment against him for the sum of $1,000, on the theory that he had refused to perform his agreement and had converted the property to his own use. There was no appeal. McLean paid this judgment, and some time thereafter, nearly four years after the death of Scott, notified Hughes that he had paid the judgment and tendered the deed, and demanded that he pay him $1,000. This Hughes refused to do. McLean was the executor of Scott's estate, and on his petition the probate court decreed all the right, title, and interest of Scott in the land described in the Hughes deed to the heirs of Scott. This decree was not appealed from, and stands in full force and effect.

McLean then brought this action against Hughes and the Scott heirs, in which he demanded judgment against Hughes for the $1,000

which he had been required to pay because of his failure to comply with the instructions with reference to the delivery of the deed, and that he might be subrogated to the rights of Scott and Millis in the premises, particularly to the lien existing for the unpaid purchase money due for the premises from Hughes, that the lien be foreclosed and the land sold, the proceeds applied on the judgment, and that the other defendants, the heirs, be adjudged to have no title or interest in the premises. The trial court found the facts in substance as stated above, and as conclusions of law found: "That, by the delay of the plaintiff for the period of four years in tendering to the defendant Hughes the deed in question, such defendant was discharged from all obligations to accept or pay for the same, and that the loss sustained by the plaintiff by reason of the judgment against him hereinbefore mentioned was caused by his own failure and neglect to carry out the agreement under which he received the deed from the said Harvey Y. Scott, and that he is not entitled to be reimbursed for such loss by the defendant Hughes, or to have judgment against him therefor, or to be subrogated to the rights of the estate of Harvey Y. Scott or of the defendant Millis in the premises described in the complaint, or to have any lien thereon or to be awarded any relief in this action." The defendant applied for additional findings of fact, some of which were allowed and others refused. McLean claimed that his instructions were contained in the indorsement on the envelope in which the deed was delivered to him, but a different agreement was proven in the action brought by Millis against him.

In the complaint in this action McLean pleads the contract, not as he originally understood it, but as the court found it in the action in which judgment was entered against him. The present action is based upon his assertion that he had forgotten the actual instructions given him by Scott and in good faith believed that he was to be guided by the instructions on the envelope.

Numerous assignments of error are made. The requests for additional findings were properly denied by the court. The material issues in the case were fully found. The liability of McLean, as established in the action brought against him, rested upon his wrongful refusal to take any steps toward causing Hughes to pay the $1,000, or to offer the deed to Hughes on condition that he make payment,

or allow Millis to offer the deed to Hughes on like conditions, although requested so to do. The fact that McLean thus failed to comply with the instructions was established in the previous action against him. No appeal was taken, and the judgment was paid. The issue seems to have been to a certain extent retried in the present case, and the court found the facts with reference thereto as above stated. The evidence was sufficient to sustain this finding, and it is now too late for the appellant to raise the question of his good faith. It must have been determined adversely to him in the previous action. Hughes was released from any liability to accept the deed and pay the $1,000, and no cause of action exists in favor of the appellant against him at this time.

Nor do the facts justify the application of the doctrine of subrogation. The appellant's theory is ingenious, but has no foundation in equity. It would simply result in nullifying the result of the former action in which the judgment against him was obtained, and he would thus by a process of indirection be permitted to throw the burden of the result of his failure to comply with the instructions under which the deed was delivered to him upon parties who were in no way responsible for such failure. The appellant's liability to pay this money was litigated and determined in the former action.

We do not find it necessary to discuss the various assignments of error, although they have all been given careful consideration.

The order of the trial court is affirmed.